UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

RANDALL D. TOMLINSON,                    |
                                          |
        Petitioner,                       |        Civil Action No. 6:11-00138-KSF
                                          |
v.                                        |
                                          |
D. BERKEBILE, *Warden*,                   |        **MEMORANDUM OPINION**
                                          |        **AND ORDER**
        Respondent.                       |

\*\*\*\*\*  \*\*\*\*\*  \*\*\*\*\*  \*\*\*\*\*

Randall D. Tomlinson, confined in the United States Penitentiary-Hazelton ("USP-Hazelton"), located in Bruceton Mills, West Virginia,[1] has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1], which he has supplemented with subsequent filings [R. 4] and [R. 6].

As Tomlinson has paid the $5.00 filing fee, the Court screens his § 2241 petition pursuant to 28 U.S.C. § 2243.  At the screening phase, the Court must dismiss any petition that "is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself without need for consideration of a return." *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (citations omitted).[2]

---

[1]      When Tomlinson filed his § 2241 petition, he was confined in the United States Penitentiary-Big Sandy ("USP-Big Sandy") located in Inez, Kentucky.  On March 28, 2012, Tomlinson notified the Court that he had been transferred to USP-Hazelton.  [D. E. No. 8].  A district court's jurisdiction is determined at the time a § 2241 petition is filed.  *See Carafas v. LaVallee*, 391 U.S. 234, 237 (1968); *Bishop v. Med. Superintendent of the Ionia State Hosp*., 377 F.2d 467, 468 (6th Cir. 1967); *see also*, *DePompei v. Ohio Adult Parole Auth*., 999 F.2d 138, 140 (6th Cir. 1993).  Tomlinson's subsequent transfer to USP-Hazelton did not deprive this Court of jurisdiction over his  § 2241 petition.  *White v. Lamanna*, 42 F. App'x. 670, 671 (6th Cir. 2002).

[2]      The Court holds *pro se* pleadings to less stringent standards than those drafted by attorneys.
(continued...)

Because Tomlinson has not demonstrated that his remedy in the federal court where he was convicted was an inadequate or ineffective means of challenging his conviction and sentence, or that other grounds exist entitling him to relief under § 2241, his petition will be denied, and this action will be dismissed.

## LITIGATION HISTORY

On April 5, 1994, Tomlinson pleaded guilty to federal kidnapping charges, in violation of 18 U.S.C. § 1202, and received a 300-month sentence. *See United States v. Randall D. Tomlinson*, 4:93-CR-03059-RGK-1 (D. Ne.) ("the Sentencing Court").

Three years later, on April 30, 1997, Tomlinson filed a motion to vacate his sentence under 28 U.S.C. § 2255, arguing that the Sentencing Court lacked jurisdiction; that he was actually innocent of the offenses, that he was incompetent to plead guilty, and that his trial counsel had rendered ineffective assistance.[3]  On December 14, 1998, a Magistrate Judge submitted a Report recommending that Tomlinson's § 2255 motion should be denied.  On February 9, 1999, the Sentencing Court entered an Order adopting the Magistrate Judge's Report and denying Tominson's

---

[2](...continued)
*Burton* v. *Jones,* 321 F.3d 569, 573 (6th Cir. 2003); *Hahn* v. *Star Bank,* 190 F.3d 708, 715 (6th Cir. 1999). During screening, the Court accepts as true a *pro se* litigant's allegations and liberally construes them in his favor.  *Urbina* v. *Thoms,* 270 F.3d 292, 295 (6th Cir. 2001).

[3]      Because Tomlinson's § 2255 litigation preceded the use of electronic filing in the federal judiciary, this Court cannot electronically view the Sentencing Court's Orders, but it has obtained information about Tomlinson's § 2255 motion from another federal court opinion. In 2001, Tomlinson filed a prior § 2241 in a Texas federal court, challenging his conviction and sentence on the grounds that his trial counsel had been ineffective under the Sixth Amendment. *See Tomlinson v. Chandler*, No. 1:01-CV-00758-RAS (E.D. Tex). In the November 27, 2001, Order denying that § 2241 petition, the Texas district court discussed the claims Tomlinson had raised in his§ 2255 motion, stating that Tomlinson had alleged in his § 2255 motion that his counsel had rendered ineffective assistance of counsel in violation of the Sixth Amendment. *See id*, R. 4, p.1.  The court dismissed Tomlinson's §2241 petition because he failed to establish that, under Fifth Circuit law, his §2255 remedy in the Sentencing Court had been inadequate and effective to challenge his detention. *See id.*at 3.

2

§ 2255 motion.[4]   On April 16, 1999, the Sentencing Court denied Tomlinson's request for a certificate of appealability, and on January 10, 2000, the Eighth Circuit denied Tomlinson's appeal of the denial of his § 2255 motion/construed request for certificate of appealability.  On October 26, 2000, the United States Supreme Court denied Tomlinson's petition for writ of *certiorari*.

Between 2001 and 2003, Tomlinson filed numerous pleadings, including a petition for writ of *coram nobis*, in the Sentencing Court attempting to collaterally challenge his federal conviction and sentence.  The Sentencing Court denied Tomlinson relief, construing the filings as *de facto* successive § 2255 motions for which appellate court permission was required.  On appeal, the Eighth Circuit agreed and denied all of Tomlinson's construed successive § 2255 motions.  *See* Sentencing Court Docket Entries of Eighth Circuit Orders, R. Nos. 129, 130, 134 (Mandate), 139, and 140 (Mandate).

## CLAIMS ASSERTED IN THE § 2241 PETITION

Tomlinson alleges that his conviction and sentence violate the Sixth Amendment of the United States Constitution because his trial counsel rendered ineffective assistance of counsel in various respects.  Tomlinson alleges that his trial counsel:  (1) failed to inform him prior to entering his guilty plea that his (Tomlinson's) Colorado state court conviction for second degree burglary, resulting from a guilty plea in 1991, could be used to enhance his current federal sentence pursuant to United States Sentencing Guidelines ("USSG") § 4B1.1; (2) failed to argue to the Sentencing Court that his prior Colorado second degree burglary conviction did not qualify as a crime of

---

[4]        Because Tomlinson's § 2255 litigation preceded the use of electronic filing in the federal judiciary, this Court cannot electronically access the Sentencing Court's Orders.  Even so, there exists a one-year statute of limitations for filing motions pursuant to 28 U.S.C. § 2255, *see* 28 U.S.C. § 2255(f), and Tomlinson waited almost three years from the date on which his sentence became final before filing his § 2255 motion in the Sentencing Court.

violence for enhancement purposes under the USSG; and (3) ignored his (Tomlinson's) written notes objecting to various aspects of the Pre-Sentence Investigation Report ("PSIR") and failed to object to the PSIR prior to sentencing.

Tomlinson alleges that his trial counsel's ineffective assistance caused his federal sentence to be enhanced from "8 years to 25 years." [R. 1, p. 5]. Tomlinson contends that because his counsel failed to convey material information to him as to his potential sentence, and address errors in the PSIR, his guilty plea was neither knowing nor voluntary.

## DISCUSSION

### 1. **28 U.S.C. § 2255 Remedy Was Not Inadequate or Ineffective**

Section 2255 provides the primary avenue of relief for federal prisoners claiming the right to release as a result of an unlawful sentence. *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009) (citing 28 U.S.C. § 2255(a)). It is the mechanism for collaterally challenging errors that occurred "at or prior to sentencing." *Eaves v. United States*, No. 4:10-cv-00036, 2010 WL at 3283018 at * 6 (E.D. Tenn. August 17, 2010).

The "savings clause" of § 2255 permits relief under § 2241 if § 2255 is "inadequate or ineffective to test the legality of the detention." *Terrell*, 564 F.3d at 447; *Witham v. United States*, 355 F.3d 501, 505 (6th Cir. 2004)); *see* 28 U.S.C. § 2255(e). A federal prisoner may not challenge his conviction and sentence under § 2241 "if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied relief." *See* 28 U.S.C. § 2255(e). He must prove that his § 2255 remedy is inadequate or ineffective to challenge the legality of his detention. *Charles v. Chandler*, 180 F.3d 753 (6th Cir. 1999); *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003).

4

Tomlinson cannot make that showing in this case. Assuming that the Sentencing Court denied Tomlinson's § 2255 motion because it was time-barred under 28 U.S.C. § 2255(f), that ruling would not permit Tomlinson to assert his various Sixth Amendment claims in this § 2241 proceeding. Tomlinson should have raised all of his Sixth Amendment claims as to his sentence in a timely § 2255 motion in the Sentencing Court instead of waiting three years to assert them, again assuming that he did assert those Sixth Amendment claims in 1997. When a prisoner has missed an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law, his remedy under § 2255 is not rendered "inadequate and ineffective." *Charles*, 180 F.3d at 756-758.

Assuming, on the other hand, that the Sentencing Court denied Tomlinson's § 2255 motion on the merits, and that his § 2255 motion included Sixth Amendment challenges (as stated by the district court in the Eastern District of Texas), Tomlinson still fares no better in this proceeding. The remedy afforded under § 2255 is not rendered "inadequate and ineffective" if the prisoner presented a claim in a § 2255 motion, but was denied relief on the claim. *Id*., 180 F.3d at 756-758; *Rumler v. Hemingway*, 43 F. App'x 946, 947 (6th Cir. 2002). Here, the Sentencing Court denied Tomlinson's § 2255 motion, and the Eighth Circuit subsequently rejected his various successive § 2255 motions, so Tomlinson cannot obtain extraordinary relief from his sentence in this proceeding simply because he was unsuccessful in the Sentencing Court. Section 2241 is not an additional, alternative, or supplemental remedy to the one prescribed under § 2255. *Charles*, 180 F.3d at 758.

Assuming further that Tomlinson argued in his § 2255 motion that his trial counsel had been constitutionally deficient for **other** reasons, but not for the specific reasons alleged in his § 2241 petition, he is still not entitled to relief under § 2241. By the time Tomlinson filed his § 2255 motion in April 1997, he should have been aware of **all** aspects of his counsel's alleged ineffective

5

assistance in three years prior, and could and should have alleged in his § 2255 motion that his counsel failed to: (1) inform him that he was facing an enhanced sentence, (2) object to the enhancement of his sentence based on the Colorado conviction, and (3) object to the PSIR. Tomlinson's failure to assert those claims in a timely § 2255 motion precludes him from arguing the issues anew in this § 2241 proceeding. *Charles*, 180 F.3d at 756-758.

For these reasons, Tomlinson's remedy under § 2255 was not an inadequate or ineffective means by which to challenge his federal detention, and he is not entitled to relief under § 2241.

## 2. No Claim of Actual Innocence

A § 2241 petitioner may avail himself of the savings clause of § 2255 if he asserts a claim of "actual innocence." *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003); *Paulino v. United States*, 352 F.3d 1056, 1061 (6th Cir. 2003). "Actual innocence" requires "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. at 623-24; *Hilliard v. United States*, 157 F.3d 444, 450 (6th Cir. 1998); *Reyes-Requena v. United States*, 243 F.3d 893, 903-04 (5th Cir. 2001). To establish "actual innocence," the movant must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent of the crime." *Murray v. Carrier*, 477 U.S. 478, 496 (1986); *see also Martin v. Perez*, 319 F.3d 799, 802 (6th Cir. 2003).

Tomlinson does not allege that, after he was sentenced in 1994, new facts or evidence surfaced suggesting that he is actually innocent of the kidnapping charges of which he was convicted. Tomlinson merely challenges his enhanced sentence, which is a claim of "legal innocence," not "actual innocence" of his underlying drug and firearm convictions. *See Poole v. Barron*, No. 04-CV-95, 2004 WL 5605485 * 5 (E. D. Ky. May 26, 2004).

6

A petitioner's argument that he is "actually innocent" of being a career criminal offender lacks merit because one is not convicted of being an "career criminal." Rather, career criminal status merely allows a district court to enhance a federal sentence. Because innocence of a sentence enhancement is not the same as actual innocence of the underlying criminal offense, a prisoner's § 2255 remedy is not an inadequate or ineffective method of challenging his federal detention. *Wyatt v. United States*, 574 F.3d 455, 460 (7th Cir. 2009); *United States v. Poole*, 531 F. 3d 263, 267 n. 7 (4th Cir. 2008); *Pryce v. Scism*, No. 1:10-CV-01680, 2011 WL 41883, at *4 (M. D. Pa. January 6, 2011); *McKelvey v. Rivera*, No. 4:10-422, 2010 WL 2985965, at *4 (D.S.C. June 18, 2010).

This Court has denied prisoners' § 2241 petitions claiming that the sentencing court improperly enhanced his federal conviction based upon a prior state conviction, and the Sixth Circuit has affirmed. *Johnson v. Cauley*, No. 09-52-HRW (E.D. Ky. July 29, 2009) *aff'd*, No. 09-5991 (6th Cir. July 9, 2010) (finding that the § 2241 petitioner did not assert a claim of actual innocence of the federal crime of which he was convicted, but instead alleged only that he was actually innocent of being a career offender). *See also*, *Dismuke v. United States*, No. 10-179-GFVT, 2010 WL 2859079, at *4 (E. D. Ky. July 19, 2010) (denying a § 2241 petition challenging only an enhanced sentence); *McClurge v. Hogsten*, 10-CV-66-GFVT, 2010 WL 2346734, at *4 (E. D. Ky. June 10, 2010) (same). The savings clause of § 2255 does not extend to a § 2241 petitioner, like Tomlinson, who is challenging his enhanced sentence and his status as a career offender, not the underlying criminal offense of which he was convicted. Tomlinson has failed to make a showing of actual innocence. *Martin*, 319 F.3d at 804.

Finally, Tomlinson cites no retroactively applicable Supreme Court decision which would afford him relief. *See United States v. Peterman*, 249 F.3d 458, 461-62 (6th Cir. 2001); *Charles*,

7

180 F.3d at 757.  Therefore, the savings clause of § 2255 does not apply; Tomlinson's § 2241 petition will be denied, and this action will be dismissed.

## CONCLUSION

Accordingly, the Court being advised, **IT IS ORDERED** as follows:

(1)     Petitioner Randall D. Tomlinson's 28 U.S.C. § 2241 petition for writ of habeas corpus [R. 1] is **DENIED**;

(2)     This action is **DISMISSED**, *sua sponte*, from the docket; and

(3)     Judgment will be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondent, Warden D. Berkebile.

This April 30, 2012.

**Signed By:**

**_Karl S. Forester_** *K S F*

**United States Senior Judge**